UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVUS OPTIMUM LABS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GINA TAMAYO, et al.,<br><br>    Defendants. | Case No. 13-cv-01119-JST<br><br>**ORDER GRANTING REQUEST TO WITHDRAW**<br><br>Re: ECF No. 46 |

Before the Court is the request to withdraw as counsel[1] filed by counsel for Defendants Gina and Edgardo Tamayo on August 12, 2013. ECF No. 46. Defendants "wish to remove their counsel of record" and proceed *pro se*; their signatures appear on the request alongside their counsel's. ECF No. 46 p. 2.

Civil Local Rule 11-5(a) permits the withdrawal of counsel only with leave of court "after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." California Rule of Professional Conduct 3-700(C)(5) permits the withdrawal of counsel where, as here, "[t]he client knowingly and freely assents to termination of the employment." Nevertheless, Plaintiffs Novus Optimum Labs, dba Novus Optimum Labs, Inc., and Meliza Reyes oppose the request on three grounds: (1) at the time the request was filed, Defendants had not filed a certificate of compliance with this Court's preliminary injunction (though now they have, see ECF No. 49 (filed August 20, 2013)); (2) Defendants have not amended their initial disclosures to Plaintiffs' satisfaction; and (3) withdrawal will delay production of documents and responses to written discovery. None of those reasons are persuasive.

---

[1] Defendants styled the request as a "Request for Approval of Substitution of Counsel," but Defendants request to represent themselves *pro se*. Because they do not request to substitute any counsel for their current one, Defendants' request is actually a request to withdraw.

The first objection is moot. As to second and third objections, not only is there is no authority for them, but the law is to the contrary. Oracle Am., Inc. v. Serv. Key, LLC, 12-cv-00790-SBA, 2013 WL 1195620 (N.D. Cal. Mar. 22, 2013) (overruling plaintiff's objection to withdrawal of counsel that withdrawal would disrupt discovery because parties have "absolute right" to discharge counsel) (citing Francasse v. Brent, 6 Cal. 3d 784, 790 (Cal. 1972); Cal. Code Civ. P. § 284).[2]

Moreover, while the parties may have discovery disputes, no party has moved for relief from the Court, and the case is still in its early stages. Discovery will be open until May 2014. The Court cannot conclude that any party will suffer unreasonable delay if Defendants' counsel withdraws.

For the foregoing reasons, defense counsel's request to withdraw as counsel is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 26, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] Plaintiffs argue that that "[w]ithdrawal should be denied where it will cause delay," citing Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). In Darby, the motion to withdraw was denied principally because counsel sought to withdraw over the objection of his own client. Those are not the facts here.