1  DAVID H. SCHWARTZ (SBN 62693)
   LAW OFFICES OF DAVID H. SCHWARTZ, INC.
2  601 California Street, Suite 1800
   San Francisco, CA  94108
3  Telephone Tel: (415) 399-9301
   Fax: (415) 399-9878
4
   Attorneys for Plaintiffs
5  NOVUS OPTIMUM LABS and
   MELIZA REYES
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11
   NOVUS OPTIMUM LABS dba NOVUS          )  Case No. **3:13-CV-01119 VC**
12 OPTIMUM, INC. a Nevada Corporation, and )
   MELIZA REYES, an individual,           )  **STIPULATION FOR ORDER**
13                                          )  **GRANTING PERMANENT**
                                           )  **INJUNCTION**
14           Plaintiffs,                   )
                                           )
15 vs.                                     )
                                           )  **Case Assignment:**
16 GINA TAMAYO and EDGARDO                 )  **Honorable Vince Chhabria**
   TAMAYO, as individuals, dba NOVUS       )  **Courtroom 4**
17 OPTI-LAB,                               )  **Floor 17**
                                           )
18           Defendants.                   )
                                           )
19

20
        Plaintiffs Novus Optimum, Inc. and Meliza Reyes, by and through their counsel, David H.
21
   Schwartz, and Defendant Gina Tamayo and Edgardo Tamayo, *in pro per*, having entered into a
22
   formal agreement for the settlement of this litigation, hereby stipulate as follows:
23
        1.  That the parties have entered into an agreement for settlement of this Action, a true and
24
   correct copy of which is attached to this Stipulation as Exhibit A.
25
        2.  That the Preliminary Injunction previously entered in this action shall be entered as a final
26
   Permanent Injunction; and
27

28

                                        1

3.   That the Court include as part of the final Permanent Injunction the following additional provisions:

    a.    That Gina Tamayo and/or Edgardo Tamayo shall have no contact with Meliza Reyes and/or Novus Optimum, Inc., either directly or through any intermediary (other than an attorney), except as necessary to enforce this settlement agreement. Gina Tamayo and Edgardo Tamayo agree to stay away from Meliza Reyes, from the Novus Optimum facility at Pier 26, Suite No. 11, San Francisco, California, 94105, and from Meliza Reyes' residence at 2391 Oakmont Drive, San Bruno, CA 94066.

    b.    This order will also apply to any subsequent business or residence address for Reyes if Reyes provides notice of the subsequent address by certified mail to Gina Tamayo and Edgardo Tamayo at their residence address: 3215 Dublin Drive, South San Francisco, CA 94080.

4.   That the Court will retain jurisdiction for purposes of enforcing the terms of the Permanent Injunction and the Settlement Agreement entered into by the parties.

5.   That any further requirement for a bond in the amount of $10,000.00, which amount was posted by Plaintiffs is hereby excused.

Dated: 12/31/14

_____
David H. Schwartz, Counsel for
Plaintiffs Meliza Reyes and Novus
Optimum, Inc.

Dated: 12-29-2014

_____
Edgardo Tamayo

Dated: 12-29-2014

_____
Gina Tamayo

**ORDER**

Having considered the Stipulation of the Parties, each side having been represented by counsel with respect to the negotiations for settlement and finalization of the settlement terms, the Stipulation of the Parties in furtherance of settlement of this action is hereby accepted, and **IT IS HEREBY ORDERED** as follows:

A Permanent Injunction is GRANTED as follows:

1. Defendants Gina Tamayo, Edgardo Tamayo, Novus Opti-Lab, and all their officers, agents, servants, and employees are immediately RESTRAINED and ENJOINED from:

   a. Use of the Novus Opti-Lab Domain Name (novusopti-lab.web.com or novusoptilab.com);

   b. Use of the Novus Opti-Lab credit card terminal;

   c. Use of the Novus Opti-Lab dba, registered in the County of San Mateo, California;

   d. Use of the Novus Optimum or Novus Opti-Lab company or product marks;

   e. Distributing, selling, or offering for sale, product bearing the Novus Optimum or Novus Opti-Lab marks;

   f. Doing any other act that is likely to confuse, mislead, or deceive anyone into believing that Defendants are associated with Plaintiff Reyes or Plaintiff Novus Optimum;

   g. Using, destroying, disposing of, disclosing, copying, or transmitting any of Plaintiffs' trade secrets, including product formulas and business information;

   h. Using, destroying, selling, or disposing of Novus Optimum Labs' property;

   i. Destroying, discarding, or altering any documentary, computer, or other evidence relevant to this litigation;

   j. Using, disclosing, copying, or transmitting any personal information of any customer of Novus Optimum or Meliza Reyes. The term "personal information" includes, without limitation, names, initials, social security numbers, driver's license numbers, California Identification Card numbers, account numbers, credit

or debit card numbers, information that would permit access to an individual's financial accounts, medical information, and health insurance information; and

   k.  Coming within 100 yards of the Novus Optimum Pier 26 facility, Reyes residence and/or subsequent business and residential addresses.

2.  The requirement that Plaintiffs post a bond as a condition for the issuance of the injunction on a permanent basis is hereby excused.

3.  The Court shall retain jurisdiction for purposes of enforcing the terms of the Permanent Injunction and the Settlement Agreement entered into by the parties.

**IT IS SO ORDERED.**

Date:    January 20, 2015

Honorable Vince Chhabria
United States District Court,
Northern District of California

# EXHIBIT

# A

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is made and entered into as of December 10, 2014 (the "Effective Date") between Novus Optimum Labs dba Novus Optimum, Inc. a Nevada corporation ("Novus Optimum"), and Meliza Reyes, ("Reyes"), on the one hand, and Gina Tamayo and Edgardo Tamayo, husband and wife, ("Tamayos"), on the other hand. Reyes, Novus Optimum, and the Tamayos are collectively referred to as "the Parties."

### RECITALS

WHEREAS, Novus Optimum markets and sells a line of herbal supplements developed by Meliza Reyes;

WHEREAS, in or about December 2008, Gina Tamayo became employed by Reyes at Novus Optimum Labs in San Francisco, California, and at times thereafter, Edgardo Tamayo sometimes did contract work for Reyes

WHEREAS, in or about March 12, 2013, a litigation was initiated by Reyes and Novus Optimum against the Tamayos in the United States District Court for the Northern District of California, Case No. 3:13-cv-01119 (the "Action"), alleging, inter alia, that the Tamayos were operating a business under the name "Novus Opti Lab" that was selling similar or identical products to Novus Optimum, and/or were actually selling inventory belonging to Novus Optimum to existing Novus Optimum customers and keeping the revenues from such sales. The suit also alleged that the Tamayos were responsible for the theft from Novus Optimum facility in San Francisco of $160,000 in cash, jewelry, computers, identification and financial documents and files for Meliza Reyes; various art objects, antiques, and sports memorabilia, various books, trade secrets including documents containing formulas for the Novus Optimum herbal supplements developed by Reyes and customer information. The suit also alleged that the Tamayos had set up a website under the domain name novusopti-lab.webs.com or novusoptilab.com which was nearly identical to the Novus Optimum website and that the Tamayos were infringing on Reyes' trademarks and copyrights, as well as cybersquatting. The suit alleged numerous statutory and common law claims for relief, including violations of the Lanham Act and financial elder abuse under California Elder Abuse statutes (the "Dispute").

WHEREAS, the Tamayos answered the complaint in the Action denying all of the allegations and asserted counterclaims for breach of contract and fraud. Although not alleged, the Tamayos have stated that were the lawsuit to continue they would seek leave to amend to raise claims regarding, inter alia, sexual harassment by Celso Reyes, a former employee of Reyes and brother of Meliza Reyes; and various claims arising under federal, state, and/or municipal wage and hour laws.

WHEREAS, on July 2, 2013, the District Court in Case No. 13-cv-01119, per the Honorable John S. Tigar, entered a preliminary injunction against the Tamayos. A copy of that order is attached to this Settlement Agreement as Attachment A.

WHEREAS, the Parties hereto wish to avoid the expense of litigation and seek to secure a settlement of the Action and all claims arising in or which could have been alleged in the Action, and any and all other claims that may exist between the Parties arising out of any relationship between the Parties or any transactions involving either of the Parties prior to the Effective Date, whether known or unknown, without making any admissions or concessions regarding the merits of the matters in dispute.

NOW THEREFORE, for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.      <u>Stipulation to Entry of Permanent Injunction.</u> The parties agree to stipulate to an order that the Preliminary Injunction in the Action (Attachment A) will become a Permanent Injunction to be entered by the Court in the form attached to this Agreement as Attachment B. containing the following additional terms:

(a)      Each party shall have no contact with the other, either directly or through any intermediary (other than an attorney), except as necessary to enforce this settlement agreement. Gina Tamayo and Edgardo Tamayo agree to stay away from Meliza Reyes, from the Novus Optimum facility at Pier 26, Suite No. 11, San Francisco, California, 94105, and from Meliza Reyes' residence at 2391 Oakmont Drive, San Bruno, CA 94066.

(b)      This order will also apply to any subsequent business or residence address for Reyes if Reyes provides notice of the subsequent address by certified mail to Gina Tamayo and Edgardo Tamayo at their residence address: 3215 Dublin Drive, South San Francisco, CA 94080.

(c)      The parties agree that the requirement for a bond for the injunction may be excused.

2.      <u>Declarations as to Net Worth; Warranties.</u>

(a)      Gina Tamayo shall sign and provide to Reyes a declaration under penalty of perjury as to her net worth in the form and with the content as set forth in Attachment C.

(b)      Edgardo Tamayo shall sign and provide to Reyes a declaration under penalty of perjury as to his net worth in the form and with the content as set forth in Attachment D.

(c)      The Tamayos, jointly and severally, warrant that the statements set forth in the Declarations which they are signing in connection with this Agreement are true and correct.

3.      <u>Reyes and Novus Optimum Not to Contact Tamayos.</u> Reyes and Novus Optimum shall have no contact with the Tamayos, either directly or through any intermediary (other than an attorney), except as necessary to enforce this settlement agreement.

4.      <u>Dismissal with Prejudice of All Claims in Action.</u> Reyes and the Tamayos each shall file dismissals of their claims in the Action, without any admission of liability, and

subject to the United States District Court retaining jurisdiction for purposes of enforcing the terms of the Permanent Injunction and this Settlement Agreement.

5.     **Mutual Release of Claims.**

a.     For and in consideration of the commitments made herein by Reyes, Edgardo Tamayo and Gina Tamayo, jointly and separately, on behalf of themselves and their successors and assigns, waive, release, acquit and forever discharge Meliza Reyes and Novus Optimum, Inc., and each of their past and present employees, officers, shareholders, directors, agents, attorneys, predecessors, successors, parent companies, and Affiliates (each a "Reyes Released Entity") from any and all claims, charges, complaints, rights, demands, actions, causes of action whether based in contract, tort or otherwise, liabilities, losses, damages, attorneys' fees, court costs, or any other form of claim or compensation for known and unknown acts, which Edgardo Tamayo or Gina Tamayo has, may have, or claims to have had against any of them, prior to the Effective Date, whether known or unknown (collectively, the "Tamayo Released Claims"). The Tamayos further agree not to initiate any action, including any legal, administrative, or other proceeding, to assert any Tamayo Released Claims against any Reyes Released Entity, and the Tamayos covenant not to sue any Reyes Released Entity on account of any such Tamayo Released Claim.  The Tamayos represent and warrant that neither of them have assigned or conveyed any Tamayos Released Claim, which they have or purport to have against any Reyes Released Entity, to any other person.

b.     For and in consideration of the commitments made herein by the Tamayos, Meliza Reyes and Novus Optimum, Inc., on behalf of themselves and their successors and assigns, waives, releases, acquits and forever discharges the Tamayos, and each of them, and each of their past and present employees, officers, shareholders, directors, agents, attorneys, predecessors, successors, parent companies, and Affiliates (each a "Tamayos Released Entity") from any and all claims, charges, complaints, rights, demands, actions, or causes of action whether based in contract, tort or otherwise, liabilities, losses, damages, attorneys' fees, court costs, or any other form of claim or compensation for known and unknown acts, which Reyes and Novus Optimum have, may have, or claim to have had against any of them, prior to the Effective Date (collectively, the "Reyes Released Claims").  Reyes and Novus Optimum further agree not to initiate any action, including any legal, administrative, or other proceeding, to assert any Reyes Released Claims against any Tamayos Released Entity, and Reyes and Novus Optimum covenant not to sue any Tamayos Released Entity on account of any such Reyes Released Claim.  Reyes and Novus Optimum represent and warrant that neither of them have assigned or conveyed any Reyes Released Claim, which they have or purport to have against any Tamayos Released Entity, to any other person.

6.     **Compromise; No Admission of Liability.**  The Parties understand and agree that this Agreement constitutes a compromise and settlement of all Tamayos Released Claims and Reyes Released Claims, including all disputed matters.  Neither this Agreement nor any action by either Party shall be deemed or otherwise construed as (a) an admission of the truth or falsity of any claim or other disputed matter, (b) an admission by any Party of any fault or other liability whatsoever, or (c) any acknowledgment whatsoever of the validity or invalidity of any Party's position.

- 3 -

7.      **Mutual Releases; Waiver of Unknown Claims.**  The foregoing releases extend to claims referenced in Section 3, which the releasing parties do not know or suspect to exist in their favor, which if known by them would have materially affected their decision to enter into this release.  The Parties each further acknowledges that they have negotiated this Agreement taking into account  the Reyes Released Claims and the Tamayos Released Claims, and each releasing Party voluntarily and with full knowledge of its significance, expressly waives and relinquishes any and all rights it may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on general releases with respect to the Reyes Released Claims and the Tamayos Released Claims.  In furtherance of this intention, the Parties expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code or similar provisions of applicable law which are as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

8.      **Binding Agreement.**  The Parties agree that this Agreement shall be binding on the Parties and their predecessors, successors, Affiliates, employees, officers, shareholders, directors, and agents.

9.      **Final Agreement; Integration Clause; and Modification.**  This Agreement, the stipulated dismissals, and all exhibits hereto contain the entire, complete understanding and integrated agreement between the Parties relating to the subject matter hereof, and supersedes all prior or contemporaneous agreements or understandings, written or oral, relating to the subject matter herein.  Any waiver, modifications or amendment of any provisions of this Agreement will be effective only if in writing and signed by duly authorized representatives of both Parties.

10.     **Applicable Law; Forum.**  This Agreement shall be construed and interpreted in accordance with the laws of the State of California.  The Parties consent to the jurisdiction of the United States Court for the Northern District of California, or the state court if it is determined that the federal court lacks subject matter jurisdiction, for all disputes arising out of this Agreement.  In connection with such disputes, the Parties expressly and irrevocably waive any objection or defense of personal jurisdiction, venue or convenience of the forum

11.     **Attorney's Fees.**  The Parties shall bear their own respective attorneys' fees, costs and expenses incurred in connection with the Action, the Dispute and/or in preparation of this Agreement.  If any Party to this Agreement shall bring an action against the other Party hereto by reason of the breach of any covenant, warranty, representation, obligation or condition imposed by this Agreement, or otherwise relating to or arising out of this Agreement, whether for declaratory or other relief, the prevailing party in said action shall be entitled to said party's costs of suit, and reasonable attorneys' fees and expenses.

12.     **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts collectively shall constitute

- 4 -

but one and the same Agreement. A facsimile or PDF signature shall have the same force and effect as an original signature on this document.

13. **Severability.** In the event that any provision of this Agreement, or the application of any such provision, is held by a tribunal of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect, and this Agreement will be interpreted as if said invalid provision was omitted.

14. **Authority of Signatory.** The Parties each represent and warrant that each Party's signatory has full authority to enter into this Agreement and to bind his or her respective entity.

15. **Read and Understood.** The Parties represent and agree that they have thoroughly and carefully read this Agreement in its entirety, that they have had a reasonable time to consider its terms, that they have had the opportunity to consult with legal counsel about it, that they have been represented by independent legal counsel throughout the negotiations preceding the execution of this Agreement, that they fully understand all of its terms, and that they have not relied upon any representations or statements, whether written or oral, not set forth in this Agreement.

16. **Term.** This Agreement shall not be binding on the Parties until it has been signed below by both Parties, at which time it shall be deemed effective as of the Effective Date.

DATED: 2/19 , 2014          Novus Optimum, Inc.

By: _____

Name: **Meliza Reyes**

Title: **Chief Executive Officer**

DATED: 2/19 , 2014

Meliza Reyes

- 5 -

DATED: _12 - 29_ , 2014

_____
Edgardo Tamayo


DATED: _12 - 29_ , 2014

_____
Gina Tamayo


Approved as to Form:

_____
Robert Esposito, Counsel for
Edgardo Tamayo and Gina Tamayo

Approved as to Form

_____
David H. Schwartz
Counsel for Meliza Reyes and
Novus Optimum, Inc.